UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Dexter Morgenstern, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>TomoCredit, Inc.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

For this Class Action Complaint, Plaintiff, Dexter Morgenstern, by undersigned counsel, states as follows:

**INTRODUCTION**

1. Plaintiff, Dexter Morgenstern ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Defendant, TomoCredit, Inc. ("Defendant" or "Tomo").

2. Defendant placed repeated telemarketing text messages to Plaintiff's telephone – over Plaintiff's repeated requests for Defendant to stop – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), thereby invading Plaintiff's privacy.

3. Tomo is a California-based "fintech" company that provides credit cards to consumers "without a credit score or prior credit history."[1] It also sells a credit repair service called "tomoboost" where consumers pay Tomo a monthly fee in exchange for Tomo's services aimed to improve consumers' credit scores.[2]

4. To advertise its services, Tomo operates an aggressive telemarketing campaign where it repeatedly sends text messages over the messaged party's objections, and to telephone numbers who have been placed on the National Do-Not-Call Registry.

5. Indeed, Plaintiff has asked Tomo to "Stop" messaging him however

---

[1] https://tomocredit.com/faq (last visited March 12, 2024).
[2] https://tomocredit.com/boost (last visited March 12 2024); https://tomocredit.com/boost-pricing (last visited March 12, 2024).

despite Tomo confirming receipt of the "Stop" request, Tomo ignored the request and proceeded to place repeated additional telemarketing text messages to Plaintiff.

6. In addition, Tomo placed calls to Plaintiff even though his number has at all times been registered on the National Do-Not-Call Registry.

7. Accordingly, Plaintiff seeks to represent classes of similarly situated persons who have also received unwanted telemarketing text messages from Tomo, and to certify the following classes:

> **Do Not Call Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (4) where the messaged person previously advised Defendant to "stop" messaging them in any combination of upper and lower case letters.

> **Do Not Call Registry Subclass**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the messaged person previously advised Defendant to "stop" messaging them in any combination of upper and lower case letters.

## JURISDICTION

8. This action arises out of Defendant's repeated violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200. The TCPA provides a private right of action to any "person who

has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5).

9. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action, including Plaintiff's receipt of Defendant's telemarketing text messages, occurred in this District.

## PARTIES

11. Plaintiff, Dexter Morgenstern ("Plaintiff"), is an adult individual residing in Everett Washington, and is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant, TomoCredit, Inc. ("Tomo"), is a Delaware business entity with a principal place of business at 535 Mission Street, Floor 14, San Francisco, CA 94119.

## THE TCPA, IMPLEMENTING REGULATIONS, AND THE DO NOT CALL REGISTRY

13. Under the TCPA, 47 U.S.C. § 227(c)(5), a person may bring a claim for receiving more than one call in a 12-month period in violation of rules and regulations prescribed under 47 U.S.C. § 227(c).

4

14. Under 47 C.F.R 64.1200(d) companies cannot initiate any call for "telemarketing purposes" to a residential telephone subscriber unless it has instituted certain minimum procedures. 47 C.F.R § 64.1200(d). For instance, if a person making "any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made." 47 C.F.R. § 64.1200(d)(3). Additionally, "[p]ersons or entities making . . . calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list" and ""[p]ersonnel . . . who are engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list." (47 C.F.R. § 64.1200(d)(1) & (2). Further, "[a] person or entity making . . . any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls. A do-not-call request must be honored for 5 years from the time the request is made." 47 C.F.R. § 64.1200(d)(6).

15. Telephone solicitations and telemarketing by text messages are covered under the above regulations and "a cell phone is presumptively residential." *Chennette v. Porch.com*, Inc., 50 F.4th 1217, 1225 (9th Cir. 2022). *See* 47 C.F.R. § 64.1200(e) ("The rules set forth in paragraph (c) and (d) of this section are applicable to any

person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers").

16. Separately, the National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17. A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

18. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provide a private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **FACTUAL ALLEGATIONS**

19. Plaintiff uses his cellular telephone, 206-XXX-6842 (the "-6842 Number"), as his residential telephone number.

20. Plaintiff's -6842 Number has been registered with the National Do-Not-Call Registry since March 8, 2023.

21. Within the last year, Defendant sent repeated text messages to Plaintiff's -6842 Number that marketed, advertised, and promoted Defendant's services and encouraged Plaintiff to visit Defendant's website and use its for-profit credit repair

and improvement 'tomo boost' services.

22. Representative text messages are reproduced below:





23. Tomo's messages advised "STOP to unsubscribe."

24. On November 21, 2023, Plaintiff messaged Defendant "Stop" in order to get Defendant to stop contacting him. Defendant confirmed receipt of the stop request and responded, "You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe."

25. By messaging Tomo "Stop," Plaintiff terminated any business relationship with TOMO and revoked any prior express consent Tomo may have had to message Plaintiff.

26. Plaintiff never messaged Defendant "START."

8

CLASS ACTION COMPLAINT

27. Nonetheless, Defendant ignored Plaintiff's "Stop" request and continued to send additional messages to Plaintiff, encouraging him to use Tomo's services.

28. Despite Defendant's ability to program its telephone dialing systems to honor "Stop" requests immediately and at a minimum to cease sending additional telemarketing text messages within 24 hours of receiving a "Stop" messages – a common policy adopted by many companies that send telemarketing messages as part of their business – Defendant instead deliberately programmed its telephone dialing systems to continue sending telemarketing messages to consumers months after receiving a "Stop" request.

29. None of Defendant's messages to Plaintiff's cellular telephone were for an emergency purpose.

30. Plaintiff was damaged by Defendant's text messages. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted text messages, forcing Plaintiff to divert attention away from other activities.

## CLASS ACTION ALLEGATIONS

**A. The Class**

31. Plaintiff brings this case as a class action on behalf of himself and all others similarly situated.

32. Plaintiff represents, and is a member of, the following class (the "Class")

9

and subclass (the "Do Not Call Registry Subclass"):

**Do Not Call Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (4) where the messaged person previously advised Defendant to "stop" messaging them in any combination of upper and lower case letters.

**Do Not Call Registry Subclass**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the messaged person previously advised Defendant to "stop" messaging them in any combination of upper and lower case letters.

33.  Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the class members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

**B. Numerosity**

34.  Upon information and belief, Defendant placed telemarketing messages to thousands of persons who had previously asked Defendant to cease messaging them and/or whose telephone numbers were registered on the National Do-Not-Call List. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

10

35. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

36. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant's messages to members of the Class were placed for telemarketing purposes;

   b. Whether Defendant can show it obtained prior express written consent to place telemarketing messages to class members;

   c. Whether Defendant maintained adequate procedures to honor 'stop' requests;

   d. Whether Defendant maintained an internal 'do-not-call' list;

   e. Whether the messages made to Plaintiff and Class Members violate the Do-Not-Call Registry rules and regulations;

   f. Whether Defendant deliberately programmed its telephone dialing systems to ignore "Stop" requests and continue sending telemarketing messages to telephone numbers that had previously messaged "Stop";

   g. Whether Defendant's conduct was knowing and/or willful;

      h. Whether Defendant is liable for damages, and the amount of such damages; and

      i. Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely placed telemarketing text messages over requests to stop the messages, and to telephone numbers registered on the National Do-Not-Call Registry, are accurate, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

39. Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

40. A class action is the superior method for the fair and efficient

adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

**COUNT I**
**VIOLATIONS OF THE TCPA**
**(47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(c)(2) & (d))**

41. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

42. Plaintiff brings this claim on behalf of himself and the Class and Do Not Call Registry Subclass.

43. 47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

44. 47 C.F.R. § 64.1200(d)(3) provides that "No person or entity shall initiate . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: . . . If a person or

entity making . . . any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made." 47 C.F.R. § 64.1200(d)(3).

45. The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

46. Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

47. Defendant initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Do Not Call Registry Subclass within a 12-month period even though Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

48. Each of the aforementioned messages by Defendant constitutes a

violation of the TCPA and 47 C.F.R. § 64.1200(c)(2) by Defendant.

49. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(d) by Defendant.

50. Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

51. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

52. Further, Plaintiff and the Classes are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;
- Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made; and
- Defendant initiated more than one telephone solicitation text to telephone numbers belonging to Plaintiff and members of the Do Not Call Registry

15

Subclass within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times; and

# COUNT II
### Willful Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(c)(2) & (d))

53. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

54. Plaintiff brings this claim on behalf of himself and the Class and Do Not Call Registry Subclass.

55. Defendant deliberately programmed its telemarketing telephone systems to continue sending telemarketing messages to consumers after receiving a "Stop" request. Defendant also knowingly failed to maintain an internal properly functioning do-not-call list or adequate procedures to honor 'stop' requests. Accordingly, Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

56. Additionally, Defendant is and was fully aware at all relevant times that the telephone numbers it sends telephone solicitations to are registered on the National Do-Not-Call Registry. Nonetheless, Defendant knowingly and/or willfully initiated

more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Do Not Call Registry Subclass within a 12-month period even though Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

57. Each of the aforementioned messages by Defendant constitutes a knowing and willful violation of the TCPA.

58. Plaintiff and the Classes are entitled to an award of up to $1,500.00 in statutory damages for each message sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

59. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

60. Further, Plaintiff and the Classes are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made;

- Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Do Not Call Registry Subclass within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times; and

- It is Defendant's practice and history to place telephone solicitations and telemarketing messages to persons whose telephone numbers are to persons who had previously made a do-not-call request to Defendant and to persons registered on the National Do-Not-Call Registry.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

A. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

B. Statutory damages of $500.00 for each and every text message in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B);

C. Treble damages of up to $1,500.00 for each and every text message in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C);

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Classes; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: March 27, 2024

By: */s/ Sarah Stasch*
Sarah Stasch
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorney for Plaintiff*